UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION


IN RE:

DEAN TIMMERMAN                                        Chapter 7
ANN TIMMERMAN

      Debtors.                          Bankruptcy No. 06-00168S


ORDER RE: DISQUALIFICATION OF TRUSTEE
ORDER RE: APPLICATION TO EMPLOY ATTORNEY

On its own motion, this court scheduled a hearing to

determine whether Donald H. Molstad should be removed as trustee

in this case on the grounds he is not a disinterested person.

This issue came to the court's attention when Molstad applied as

trustee to hire himself as attorney for trustee.  The court took

the latter application under advisement pending hearing on his

removal.  The court now rules on both matters.

Hearing was held April 24, 2007 in Sioux City.  Molstad

appeared as trustee.  John F. Schmillen appeared for Habbo G.

Fokkena, the United States trustee.  This is a core proceeding

under 28 U.S.C. § 157(b)(2)(A).

Dean and Ann Timmerman filed their chapter 12 petition on

March 15, 2006.  Molstad appeared on April 6, 2006 as attorney

for Iowa State Bank (Bank) and Donald E. Wilson.  Bank

participated in the case in two capacities, as a creditor, and as

trustee for three trusts, each of which was a landlord leasing

farm ground to debtors.  Wilson was also a trustee for the three

trusts and the landlord leasing two additional parcels of farm ground to debtors.

On behalf of Bank, as trustee, Molstad filed a motion to require assumption or rejection of the leases.  On behalf of Bank as creditor, Molstad filed a motion seeking adequate protection. Those matters were settled by the parties.

Also, Bank, as trustee, objected to debtors' motion to incur secured debt, but it later withdrew the objection.  Bank objected to debtors' motion to sell farm equipment and to debtors' request for more time to file a chapter 12 plan.  Bank, as creditor and as trustee for the landowners, objected to debtors' chapter 12 plan.

On February 2, 2007, debtors converted to chapter 7. Molstad is one of two chapter 7 panel trustees in Sioux City, the division which is venue for the case.  The other panel trustee represented another creditor in the case, one claiming to have secured claims.

Molstad discussed with Janet Reasoner of the U.S. trustee's office his serving as trustee in the case.  It was decided that he could serve effectively.  It was discussed that Bank appeared to be a fully secured creditor and that it had not received any transfers within 90 days of the filing of the case which might be avoidable.  The U.S. trustee did no investigation beyond the discussion with Molstad.  On February 5, 2007, the U.S. trustee

2

appointed Molstad as interim trustee.  He continues to serve
under 11 U.S.C. § 702(d).

On February 7, 2007, Molstad as case trustee filed a motion
seeking turnover of documents from debtors.  The court granted
the uncontested motion on February 23, but unfortunately did not
realize at the time that a creditor's attorney had been appointed
trustee.  The court made the connection on March 16 when Molstad
applied to retain himself as attorney for trustee.  On April 5,
2007, the court set for hearing the matter of whether Molstad was
qualified to serve as trustee or whether he should be removed for
not being disinterested.

The trustee must be a disinterested person.  11 U.S.C. §
701(a)(1).  To be disinterested, a person must not have "an
interest materially adverse to the interest of the estate or of
any class of creditors or equity security holders, by reason of
any direct or indirect relationship to, connection with, or
interest in, the debtor, **or for any other reason**."  11 U.S.C. §
101(14)(C) (emphasis added).

Molstad and the U.S. trustee's office discussed the status
of Iowa State Bank and came to the conclusion that there was no
actual conflict in Molstad's serving as trustee.  The U.S.
trustee's office stated, however, that if an actual conflict
arose, Molstad would have to resign.

Their conclusion that Bank and the bankruptcy trustee would

not be adverse begs the question.  The trustee should be fully

disinterested and independent in making such a determination.  It

is not so in this case.

Nothing is to be gained by Molstad serving as trustee,

except perhaps the convenience of having the trustee located in

the city where the case is situated for trials and hearings.  The

risk that the trustee might be affected by his representation of

a creditor, even if a former representation in the same case, is

too high a price to pay for geographical convenience.  An

unsecured creditor might reasonably question whether Molstad

favors his former client.

I conclude that Molstad is not disinterested within the

meaning of 11 U.S.C. § 101(14)(C) as is required by 11 U.S.C. §

701(a)(1).  His lack of disinterestedness is cause for removal

under 11 U.S.C. § 324(a).  The court will order his removal.

I note that no party has objected to his appointment, and

that neither Molstad nor the U.S. trustee can point to an actual

conflict.  However, I also conclude that these circumstances are

not an explicit safe harbor for the appointment of trustee, as

they are for the employing of an attorney for the trustee.  See

11 U.S.C. § 327(c).

I find no ill motive in the U.S. trustee's decision to

appoint Molstad or in Molstad's decision to accept the

appointment.  Therefore, I will also order that Molstad shall not

be removed as trustee from all other cases in which he is serving.  11 U.S.C. § 324(b).

The court will deny the pending application by Molstad to employ himself as attorney for trustee.  The successor trustee may determine whom he or she wants to retain.

IT IS ORDERED that Donald H. Molstad is removed as trustee in this chapter 7 case.  He shall not on account of such removal be removed from any other case under this title in which he is serving.

IT IS FURTHER ORDERED that Molstad's application to employ himself as attorney for trustee is denied.

DATED AND ENTERED  April 25, 2007

William L. Edmonds, Chief Bankruptcy Judge