```
                    UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA
                           WESTERN DIVISION
```

IN RE:

DEAN TIMMERMAN                                          Chapter 7
ANN TIMMERMAN

    Debtors.                              Bankruptcy No. 06-00168S


<u>ORDER RE: MOTION TO DISMISS</u>

Debtors Dean and Ann Timmerman move to dismiss their chapter 7 case.  Several creditors and parties have objected.  These include case trustee Larry S. Eide; Habbo G. Fokkena, the United States trustee; and three creditors--Farmers Cooperative Company, Crow's Hybrid Seed Company, and Ag Partners, LLC.

Timmermans assert that the case must be dismissed because at the outset of the case, they failed to meet the eligibility requirements of Title 11.  They say they had not obtained credit counseling as required by 11 U.S.C. § 109(h)(1).

Hearing on the motion to dismiss was held on December 4, 2007 in Sioux City.  Nicole B. Engelhardt and Charles L. Smith appeared for Timmermans.  John F. Schmillen appeared for the United States trustee.  Donald H. Molstad appeared for trustee Larry S. Eide.

I have jurisdiction over the bankruptcy case pursuant to 11 U.S.C. § 1334(a) and the order of reference entered by the District Court.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

Timmermans filed their joint petition under chapter 12 on

March 15, 2006.  Page 2 of the petition contains the following Certification Concerning Debt Counseling: "We have received approved budget and credit counseling during the 180-day period preceding the filing of this petition."  The petition was signed on the date of its filing by Timmermans and their attorney at the time, Ronald F. Eich.  Timmermans executed the petition, stating, under penalty of perjury, that the information provided was true and correct.  The petition stated also that Timmermans were consumer/non-business debtors, and not business debtors.

On March 16, 2006, the clerk entered and served on Timmermans a document notifying them of a deficiency in their petition--that on the voluntary petition, the nature of the debt should be listed as "business debt" and that the "credit counseling box should be unmarked."  (Doc. no. 3.)

I am not aware of what prompted the clerk to issue this notice.  In any event, this notice came to my attention, and on April 10, 2006, I issued the following order.

> Debtors filed a chapter 12 petition on March 15, 2006. Because of a misunderstanding about the applicability of 11 U.S.C. § 109(h) to a case under chapter 12, the petition was filed without a credit counseling certificate.  A debtor who is an individual must file a certificate from an approved nonprofit budget and credit counseling agency that provided the debtor services under § 109(h).  11 U.S.C. § 521(b).  The court finds there is cause to extend the time for filing the certificate.  See 11 U.S.C. § 109(h)(3)(B).
>
> IT IS ORDERED that the debtors shall comply with the requirements of 11 U.S.C. § 521(b) on or before May 1, 2006.

Order (doc. no. 22).

On May 2, 2006, Timmermans filed with the court a notice of credit counseling. The notice stated:

> COME NOW Debtors, Dean Timmerman and Ann Timmerman, by and through their attorney, and states (sic) to the court that they have taken credit counseling at Consumer Credit Counseling Service of Northeastern Iowa, Inc., a counseling agency approved for the Northern District of Iowa. The Certificate of Counseling for Dean E. Timmerman is attached hereto as Exhibit A and the Certificate of Counseling for Ann M. Timmerman is attached hereto as Exhibit B.

(Doc. no. 40.) The notice was signed by R. Patrick Eich, an attorney for Timmermans. Dean's attachment was a certification by the branch manager of the Counseling Service that Dean had received his credit counseling on April 25, 2006; Ann's attachment was a certification by the branch manager of the Counseling Service that Ann had received her credit counseling on April 25, 2006. The certificates were separately filed (at doc. nos. 42 and 43 respectively) on May 2, 2006. Each debtor had received counseling after the filing of the case, notwithstanding their statement under oath in their petition that they had obtained the counseling within the 180 days prior to filing.

Neither debtor at the time of filing the petition had requested an extension to undergo counseling based on exigent circumstances and the inability to obtain counseling. See 11 U.S.C. § 109(h)(3)(A).

At the hearing, Timmermans' attorneys asked the court to take judicial notice of the dockets in the case and in a related adversary proceeding (07-9079). They ask the notice to include what documents were filed and when they were filed. Trustee and

3

the United States trustee did not object.

I take judicial notice that during the chapter 12 case, Timmermans, other parties, and the court filed papers which included but were not limited to those shown by the following docket entries. For explanatory purposes, I will describe the documents more fully than the event descriptions shown in the docket entries.

| Doc. No. | Filing |
|---|---|
| 9 | Debtors' Application to employ counsel; |
| 10 | Order granting application to employ; |
| 13 | Debtors' motion to incur secured debt in the amount of $590,000 from American National Bank; |
| 16 | Motion for adequate protection by Iowa State Bank as trustee of real estate leased to debtors; |
| 17 | Motion by Iowa State Bank as trustee to require debtors to assume real estate leases; |
| 23 | Debtors' objection to Iowa State Bank's motion for adequate protection; |
| 24 | Debtors' motion to assume leases with Iowa State Bank, trustee; |
| 29 | Debtors' submission of payment advices; |
| 30 | Motion by Iowa State Bank, trustee that debtors be permitted to incur debt by granting Bank a security interest in crops to secure real estate lease obligations; |
| 45 | Debtors' motion to sell farm equipment; |
| 48 | Debtors' motion to sell real estate; |

| | |
|---|---|
| 53 | Order granting Iowa State Bank's motion to permit debtors to grant security interest to secure lease obligations; |
| 54 | Order requiring rejection of leases with Iowa State Bank if adequate assurances not provided by date certain; |
| 62 | Debtors' motion to extend time to file plan; |
| 64 | Proceeding memo that motions to sell real estate and equipment will be granted, with debtors' attorney to prepare orders with consent of Iowa State Bank and American National Bank; |
| 65 | Order granting debtors a 30-day extension to file plan; |
| 68 | Motion by United States for Farm Service Agency (FSA) for relief from stay to permit offset; |
| 71 | Debtors' objection to motion for relief from stay filed by United States (FSA); |
| 72 | Order granting relief from stay to United States (FSA) on representation that debtors consented; |
| 77 | Debtors' chapter 12 plan; |
| 88 | Debtors' "notice" (motion) to sell equipment; |
| 97 | Objection to equipment sale filed by Deere & Company and Deere Credit, Inc.; |
| 98 | Withdrawal of Deere entities's objection to sale and attachment of agreement with debtors on proceeds; |
| 101 | Order re: confirmation hearing – debtors given time to file modified plan; |
| 106 | Deere Credit, Inc.'s motion to require debtors' assumption or rejection of tractor lease; |
| 108 | Debtors' motion to assume tractor lease with Deere Credit, Inc.; |

| | |
|---|---|
| 112 | Motion by Deere Credit, Inc. to require debtors to cure default in tractor lease in event of assumption; |
| 114 | Stipulated order that debtors must cure default in Deere Credit, Inc. tractor lease by date certain.  If cured, lease will be assumed; if not cured, lease deemed rejected; |
| 119 | Motion for relief from stay by American National Bank; |
| 122 | Debtors' motion to sell real estate. |

The proposed order or orders approving the sale of equipment and real estate (see proceeding memo reference above as doc. no. 64) was never submitted to the court by Timmermans' attorneys.

On February 2, 2007, Timmermans filed their voluntary notice of conversion of the chapter 12 case to chapter 7 (doc. no. 126). The case was converted on that date.

Since the conversion, numerous filing events have taken place; the court takes judicial notice of the following:

| Doc. No. | Filing |
|---|---|
| 128 | Order requiring debtors to file certain documents; |
| 138 | Order granting relief from stay to American National Bank; |
| 142 | Trustee's report of abandonment; |
| 145 | Motion for relief from stay filed by Deere & Company and Deere Credit, Inc.; |
| 149 | Motion for relief from stay filed by Farm Credit Leasing Services Corp.; |
| 153 | Debtors' objection to motion for relief by Farm Credit Leasing Services Corp.; |
| 154 | Debtors' objection to motion for relief by Deere entities; |

6

| | |
|---|---|
| 156 | Show cause order regarding debtors' failure to file documents after conversion; |
| 159 | Deere entities' withdrawal of stay motion; |
| 164 | Agreed motion for Rule 2004 examination of debtors; |
| 165 | Order granting motion for Rule 2004 examinations; |
| 173 | Debtors filing of required documents; |
| 176 | Trustee's objection to debtors' claim of homestead exemption; |
| 178 | Trustee's motion to assume and transfer real estate leases; |
| 191/ 193 | Creditor's and lessors' objections to assumption and sale of leases; |
| 192/195 197 | Debtors' objection to trustee's assumption and sale of leases; |
| 199 | Trustee's abandonment of property; |
| 201 | Motion for relief from stay by CNH Capital America L.L.C.; |
| 202 | Trustee's withdrawal of motion to sell leases; |
| 205 | Trustee's rejection of grain contracts; |
| 206 | Proceeding memo re: trustee's settlement of contested matter on assumption of real estate leases; |
| 207 | Trustee's motion to sell real estate leases; |
| 209 | Debtors' resistance to trustee's objection to exemption; |
| 225 | Notice to all creditors of possible dividend and deadline of July 31, 2007 for filing claims; |
| 227 | Order granting trustee's motion to assume and sell leases; |

| | |
|---|---|
| 234 | Trustee's motion to require debtors to turn over records; |
| 242 | Order granting relief from stay to CNH Capital America LLC; |
| 243 | Order granting trustee's motion for debtors' turnover of records; |
| 244 | U.S. trustee's objection to discharges of each debtor; |
| 249 | Trustee's application for order to show cause re: debtors' failure to turn over documents; |
| 251 | Order setting hearing on application to show cause; |
| 255 | Trustee's withdrawal of application to show cause; |
| 257 | Farmers Cooperative Company's application for administrative expenses; |
| 258 | Ag Partners LLC's application for chapter 7 administrative expenses; |
| 264/265 | Timmermans' reaffirmation agreements |
| 270 | Crow's Hybrid Seed Company's application for administrative expenses. |

The claims deadline was July 31, 2007. Creditors have filed 31 proofs of claim, with some claims allocating claims to different categories. There are 15 secured claims aggregating $571,581.49. There are 19 nonpriority, unsecured claims aggregating $864,968.98. There are four priority claims, aggregating $157,166.42. It appears that of the latter four, three have also filed applications for allowance of either chapter 12 or chapter 7 administrative expenses.

On October 26, 2007, the court granted Timmermans' attorneys

8

permission to withdraw from the case.  On October 18, 2007, Charles Smith and Nicole Engelhardt appeared as attorneys for Timmermans.  On October 31, 2007, Timmermans filed their motion to dismiss the chapter 7 case.

Based upon the evidence introduced at the hearing, the court makes the following findings.  Prior to filing the chapter 12 petition, Dean Timmerman owned a life insurance policy on the life of his mother.  The insurance company was Principal Financial Group.  After Timmerman's cancellation, Principal Financial Group paid Timmerman $95,000.00.  Timmerman testified at the Rule 2004 examination (exhibit 5) that the money might have been a dividend.  More likely it was the policy's cash surrender value.  He received the money in February 2006.  He paid $87,500.00 of the money to American National Bank to pay off the mortgage on his home property.  In the bankruptcy schedules Timmermans scheduled the property as having a value of $87,500.00, and they showed no liens against it.

On their statement of affairs, Timmermans answered "none" in response to question 3a, which asked:

> List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600.

(Doc. no. 1, statement of affairs.)  In his adversary complaint objecting to each Timmerman's discharge, the U.S. trustee contends that Timmermans concealed the transfer and made a false

9

oath with regard to the payment to American National Bank.  The U.S. trustee asserts that in other ways the statement of affairs and schedules were knowingly false.  The proceeding is pending.

## Discussion

Timmermans' motion to dismiss is straightforward.  They assert that they did not obtain credit counseling prior to filing their chapter 12 petition, nor did they obtain a waiver of the requirement.  Consequently, they contend, they were not eligible for bankruptcy relief when they filed their petition on March 15, 2006.  They argue that the court lacks any discretion in the matter and must dismiss their case.

I disagree.  For the reasons stated herein, Timmermans' motion to dismiss will be denied.

Section 109 of Title 11 defines who may be a debtor under the Bankruptcy Code.  Section 109(h)(1) states:

> Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1).  Subsections 109(h)(2), (3), and (4) provide limited exceptions to the requirement.  In particular, subsection 109(h)(3) permits a debtor, with court approval, to

extend the time for counseling up to 45 days after the filing of the petition.  Debtors must seek an extension under subsection 109(h)(3) at the time of the filing of the petition. Fed.R.Bankr.P. 1007(b)(3) and 1007(c).  The counseling requirement applies to individuals in all chapters.

It is undisputed that Timmermans did not obtain the required counseling prior to filing their petition and that they did not seek an extension.  Accordingly, they were not eligible to be debtors in their chapter 12 case.  There is no assertion that they were not otherwise eligible.

Timmermans assert that once it is proven that they were ineligible at the time of filing, the court lacks the discretion to do other than dismiss their case.  Among the cases cited in support of their contention is Hedquist v. Fokkena (In re Hedquist), 342 B.R. 295 (B.A.P. 8th Cir. 2006).  In Hedquist, the bankruptcy court, on its own motion, dismissed debtors' chapter 11 case for their failure to obtain prepetition counseling or to submit a satisfactory certificate of exigent circumstances.  The certificate was timely filed.  In re Hedquist, 06-40069 (Bankr. D. Minn. Jan. 20, 2006).  Hedquists appealed and argued, among other things, that the bankruptcy court should have afforded them leniency with respect to their pleadings.  See 342 B.R. at 300.

The appellate panel determined that such leniency would be of no avail.

> Regardless, the requirements under section 109(h) are
> plain and mandatory, and Mr. Hedquist's Affidavit
> clearly does not meet those requirements.  Whether

11

> represented [by counsel] or not, debtors are required
> to comply with section 109(h), and the Hedquists did
> not do so.  As several courts have commented, the new
> requirements of section 109(h) can, in some
> circumstances, create harsh results.  But because those
> requirements are mandatory, bankruptcy courts have no
> discretion but to dismiss the case when the debtor
> fails to file a certification in compliance with its
> provisions.  Because the Debtors in this case did not
> file a correct certification, and did not meet any of
> the other exceptions to section 109(h), the Bankruptcy
> Court had no choice but to dismiss the case.

342 B.R. at 300-301 (footnote omitted).  The appellate panel affirmed the dismissal order.

Also, Timmermans cite In re Ruckdaschel, 364 B.R. 724 (Bankr. D. Idaho 2007) for the court's lack of discretion.  In re Ruckdaschel, the United States trustee moved to dismiss because debtors' certificates showed they had obtained counseling more than 180 days prior to filing.  The court in Ruckdaschel pointed out that "the clear weight of cases find [sic] no room for the exercise of judicial discretion," in the application of section 109(h), but it recognized that other courts "conclude discretion is allowed where dismissal would be unjust or absurd in light of the policies underpinning the statute."  Ruckdaschel, 364 B.R. at 732.  Cited cases in which the court exercised discretion included In re Hess, 347 B.R. 489 (Bankr. D. Vt. 2006) and In re Parker, 351 B.R. 790 (Bankr. N.D. Ga. 2006).  My view is that Hess and Parker are correct.  See also In re Manalad, 360 B.R. 288 (Bankr. C.D. Cal. 2007).

Timmermans' motion to dismiss was brought under 11 U.S.C. § 707(a), which states that "[t]he court may dismiss a case under

12

this chapter only after notice and a hearing and only for cause...." (emphasis added).  Section 707(a) provides three examples of cause.  11 U.S.C. § 707(a)(1)-(3).  Cause, however, is not limited to the three.  11 U.S.C. § 102(3).  If after notice and a hearing, the court finds cause, it "may" dismiss the case.  "[W]hether to grant a motion to dismiss has been guided by equitable principles: 'The court must balance the equities and weigh the benefits and prejudices of a dismissal.'"  Peterson v. Atlas Supply Corp. (Matter of Atlas Supply Corp.), 857 F.2d 1061, 1063 (5th Cir. 1988) (quoting In re Blue, 4 B.R. 580 (Bankr. D. Md. 1980)).

The decision lies within the discretion of the bankruptcy judge.  Peterson v. Atlas Supply Corp., 857 F.2d at 1063.  The court's decision is generally reviewed only for abuse of discretion.  Turpen v. Eide (In re Turpen), 244 B.R. 431, 433 (B.A.P. 8th Cir. 2000).

Lack of eligibility is cause to dismiss.  In re LaPorta, 332 B.R. 879, 883 (Bankr. D. Minn. 2005); In re Wallert, 332 B.R. 884, 891 (Bankr. D. Minn. 2005).  It may be as the foregoing cases find, that the lack of eligibility is incurable.  Id.

Notwithstanding their lack of eligibility, Timmermans placed themselves in a chapter 12 case, as only they could.  See 11 U.S.C. § 303(a).  Timmermans had a right to dismiss their chapter 12 case.  11 U.S.C. § 1208(b).  Instead, they converted the case to chapter 7, as only they could.  11 U.S.C. § 1208(a).

It has long been held that a debtor has no absolute right to

13

dismiss a chapter 7 case.  In re Turpen, 244 B.R. at 434.  As was stated in Turpen:

> Courts generally consider the following factors when ruling on a debtor's motion to dismiss: (1) whether all of the creditors have consented; (2) whether the debtor is acting in good faith; (3) whether dismissal would result in a prejudicial delay in payment; (4) whether dismissal would result in a reordering of priorities; (5) whether there is another proceeding through which the payment of claims can be handled; and (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending.

Id.

Creditors have objected to Timmermans' motion to dismiss. No creditors have consented, much less "all" creditors.

There is a lack of good faith in debtors' motion.  They have accepted benefits of bankruptcy for approximately 21 months. Their statement in the petition that they had obtained counseling within the requisite time period was misleading to the court and to creditors.  Now they seek to dismiss on technical grounds, in the face of pending objections to discharge and objection to their claim of a homestead exemption.  I say "technical grounds" because debtors cannot argue that the failure to obtain counseling somehow prejudiced them.  They underwent counseling on April 25, 2006, while still in chapter 12 and while they had a right to dismiss their case.

Dismissal would result in prejudicial delay in payment. There are assets in the bankruptcy estate.  As in Turpen, the automatic stay has prevented creditors from collecting their claims for some period of time.  "To send them back to their

14

state court remedies at this point would constitute prejudice."
In re Turpen, 244 B.R. at 435.

Dismissal would result in a reordering of priorities. Three creditors have filed applications for allowance of administrative claims under 11 U.S.C. § 503(b)(1), which would be priority claims in either the chapter 7 or chapter 12. The court has instructed at least one of these applicants to submit a proposed order approving the allowance. To dismiss would relegate this creditor and any other priority creditors, to unsecured nonpriority status on the same plane as prepetition creditors.

As stated, objection to discharges has been filed, as well as an objection to Timmermans' homestead exemption. Last, there is no evidence of a proceeding pending outside of the bankruptcy case through which the payment of claims can be handled. In short, the factors set out by the Bankruptcy Appellate Panel in Turpen overwhelmingly favor denying Timmermans' motion to dismiss.

Timmermans have been either in chapter 12 or chapter 7 for about 21 months. Nonetheless, they argue that their ineligibility for relief at filing can be raised at any time. This sounds much like the right of a party to raise subject matter jurisdiction at any time. Yet, as stated by one treatise, "[s]ection 109 is not characterized in terms of venue or jurisdiction by the statute itself, and it is clear that it is not jurisdictional." 2 Collier on Bankruptcy, § 109.01[2] (15th ed. rev. 2007) (citing Rudd v. Laughlin, 866 F.2d 1040 (8th Cir.

15

1989)).  In Rudd v. Laughlin, the circuit court said it did not believe that § 109 "is meant to restrict the jurisdiction granted under these statutes." Id. at 1042.  In Rudds' case, debtors appealed the bankruptcy court's conversion of their chapter 13 case to chapter 7, alleging that they had not been eligible for chapter 13 when they filed, and therefore the bankruptcy court never had jurisdiction to convert their case.  The circuit concluded that eligibility was not jurisdictional.  Timmermans do not disagree.  Yet they contend that they should be able to dismiss their case at any time, notwithstanding their long-term participation in the case.

As to the application of discretion, it may matter that it is debtors who seek to dismiss on the grounds of lack of eligibility.  Timmermans cite In re Ruckdaschel, 364 B.R. 724, for the proposition that the court has no discretion to dismiss a chapter 7 case where debtors were ineligible under § 109(h).  In Ruckdaschel, debtors had obtained counseling 187 days prior to filing.  Debtors had filed their petition on October 30, 2006.  The U.S. trustee moved to dismiss on January 8, 2007, alleging that debtors were not eligible for relief.  Judge Jim D. Pappas ruled on March 20, 2007, that he had no discretion to excuse debtors' failure to comply with § 109(h).

On March 28, 2007, Judge Pappas was a member of a three-judge panel assigned to the appeal of Elizabeth Mendez pending before the Bankruptcy Appellate Panel for the Ninth Circuit . Mendez v. Salven (In re Mendez), 367 B.R. 109 (B.A.P. 9th Cir.

16

2007). In that case, debtor moved to dismiss her case after the Bankruptcy Court had sustained an objection limiting her homestead exemption. Her ground for obtaining dismissal was that she had not obtained credit counseling prior to filing for chapter 7 relief. There was no evidence in the record that she sought an extension to receive the counseling after filing, and she had undergone counseling 79 days after filing. In re Mendez, 367 B.R. at 114. The Bankruptcy Court denied her motion to dismiss. The court pointed out that debtor did not have an absolute right to dismiss, and it balanced the interests of debtor and creditors in deciding the motion. It found that creditors would be prejudiced by dismissal. The Appellate Panel affirmed.

    I conclude that the Ruckdaschel decision is not necessarily support for Timmermans' motion. It appears that Judge Pappas might have decided Ruckdaschel differently had the motion to dismiss been filed by debtors, rather that the United States trustee.

    Also, I conclude that Timmermans are judicially estopped to bring the motion to dismiss. In their petition, they stated under penalty of perjury that they had obtained counseling within the 180 days prior to filing. The court relied on the statement in giving them an extension of time to file the certificates. Notwithstanding that the later-filed certificates showed that the petition's statement on the matter was untrue, no party raised the issue, and Timmermans proceeded with their case. They seek

17

now, after circumstances in the bankruptcy have changed, to assert a contrary position.  Allowing Timmermans to dismiss to the prejudice of creditors would impair the integrity of the bankruptcy system.  See In re Parker, 351 B.R. 790, 798 (Bankr. N.D. Ga. 2006) (denying debtor's motion to dismiss on ground of judicial estoppel); see also Hossaini v. Western Missouri Medical Center, 140 F.2d 1140, 1142-43 (8th Cir. 1998) (discussing doctrine of judicial estoppel).

The doctrine of laches also prevents the court from granting Timmermans' motion.  Laches is an equitable doctrine.  It "prevents a court from granting relief to a claimant who has unreasonably delayed or been negligent in asserting a claim so that the opposing party has been prejudiced."  Strawn v. Missouri State Bd. of Educ., 210 F.3d 954, 956-57 n. 3 (8th Cir. 2000) citing Black's Law Dictionary 879 (7th ed. 1999)).

For the foregoing reasons,

IT IS ORDERED that the motion of Dean Timmerman and Ann Timmerman to dismiss their chapter 7 case is denied.  Judgment shall enter accordingly.

DATED AND ENTERED December 10, 2007

*/s/ W.L. Edmonds*

William L. Edmonds, Chief Bankruptcy Judge